CHAMBLISS & WILLIAMS *vs.* WILLIAM ROBERSTON, Trustee.

The clause in the charter of the Commercial Bank of Natchez in these words, "The corporation shall have power to make discounts at the following rates: on notes, bills, or bonds, having less than twelve months to run, at the rate of seven per cent. per annum," is not a rule as to interest, but only as to the rates of discount to be taken by the bank on notes having less than twelve months to run.

The makers of a note payable in bank, failing to pay it at maturity, are liable to pay the rate of interest fixed by the *lex loci* from the time the debt became due.

IN error from the circuit court of Claiborne county; Hon. Stanhope Posey, judge.

*Thrasher*, for plaintiff in error,

Cited *The Bank of Alabama at Montgomery* v. *Harrison*, 1 Alab. R. 9 ; *Killingsworth* v. *The Commercial Bank of Rodney*, 9 S. & M. 630.

*Saunders*, on same side.

*W. S. Wilson*, for defendant in error,

Cited *United States Bank* v. *Chapin*, 9 Wend. 471.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of assumpsit in the circuit court of Claiborne county, on a promissory note for $902.55, payable to the Commercial Bank of Natchez, at the counter of said bank, seven months after date, and dated 4th of April, 1840. The suit is prosecuted by the defendant in error, as the trustee appointed by the circuit court of Adams county, on pronouncing judgment of forfeiture against said bank.

It appears from a statement in the papers, that interest was calculated on the balance due on said note after maturity, at the rate of eight per cent. per annum to the date of the judgment, and this constitutes the only error assigned.

The counsel for the plaintiffs in error insist that the plaintiff below was only entitled to interest after the maturity of the note, at the rate of seven per cent. per annum, and has cited the charter of the bank to establish their position. The clause in the charter bearing on this subject is in these words : "The corporation shall have power to make discounts at the following rates : On notes, bills, or bonds, having less than twelve months to run, at the rate of seven per cent. per annum." This is not a rule as to interest, but only as to the rate of discount to be taken by the bank on notes having less than twelve months to run. Even a note payable by one person to another could be discounted by the bank, at the rate prescribed by the charter ; and in such case the bank is merely the purchaser of the note from the payee or other holder, and acquires the rights of the payee against the maker. The same rule applies as to a note payable to the bank. The makers failing to pay the

note at maturity, were liable to pay the rate of interest fixed by the *lex loci* from the time the debt became due.

This point will be found to have been settled according to the above rule, in the case of *The United States Bank* v. *Chapin & another*, 9 Wend. 471.

Judgment affirmed.